STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Appeal of Ben Kernan | } | Docket No. 121-6-00 Vtec |
| | } | |

Decision and Order on Motion to Reconsider and Motion to Strike

Appellant appealed from a decision of the Planning Commission of the City of Burlington granting a Certificate of Appropriateness to Main Street Landing Company for a project at 50 Lake Street. Appellant is represented by Carl H. Lisman, Esq.; Appellee Main Street Landing Company is represented by Gordon C. Gebauer, Esq.; Interested person Jack Long, Esq., an attorney, has appeared and represents himself; the City is represented by Kimberlee J. Sturtevant, Esq.

Motion to Reconsider December 4, 2000 Order

After the order issued on December 4, 2000, Appellee-Applicant elected to proceed by a V.R.A.P. 5.1 collateral final order appeal because the ruling conclusively determines the disputed question of Appellant's standing and resolves that important issue completely separate from the merits of the action, and the issue of Appellant's standing could be effectively unreviewable on appeal from a final judgment, if the final judgment is in Appellee-Applicant's favor. Appellant objected to Appellee-Applicant's being allowed to pursue a collateral final order appeal while the remainder of the merits of the case goes forward in this Court, instead of being required to take the V.R.A.P. 5(b) interlocutory appeal route for which it had asked. However, the route of appeal should be determined by the nature of the question and the most expeditious way of resolving the entire case. Therefore, the Court declines to change its December 4, 2000 order. Appellee-Applicant has elected to pursue its appeal as a V.R.A.P. 5.1 collateral final order appeal; Appellant will be free under that rule to ask the Supreme Court to reject it as improvidently granted.

Motion to Strike

Appellee-Applicant has also moved to strike Questions 1, 2, 4 and 5 of the Statement of Questions. As the hearing on the merits of this appeal is now set for January

1

4 and January 11, it is necessary to resolve this motion so that the parties may prepare for the hearing.

Appellant failed to appeal the Zoning Board of Adjustment's grant of approval of this project as a "major impact development" under Articles 3, 5, 13 and 17 of the Zoning Ordinance. Therefore, any issues resolved by the ZBA's decision and not independently within the purview of the Planning Commission are precluded from consideration under 24 V.S.A. §4472(d).

Question 1, regarding whether sufficient notice was given of the Planning Commission's hearings on this application, might have been suitable for summary judgment, as it seems to be primarily a legal issue. However, the motion to strike that question is DENIED (without prejudice to the legal issue's being litigated in the merits of the proceeding), because nothing in the ZBA's decision addressed the adequacy of notice for the Planning Commission hearings, and therefore it has no preclusive effect on this issue.

Question 2, regarding whether the project complies with the 50-foot height limit in §5.3.18(c)(2), is precluded by the unappealed ZBA ruling that the project satisfies the criteria in Articles 3, 5, 13, and 17 of the Zoning Ordinance. The motion to strike Question 2 is GRANTED. The Planning Commission, and hence this Court in this proceeding, has no jurisdiction over Article 5. We note, however, that the Planning Commission had responsibility under Article 6 (both under the general design review criteria of §6.1.10 and the special waterfront design review criteria of §6.1.11) to determine whether the building meets those criteria, and that issue remains before the Court in Question 3. That is, a building which meets the height limitations of Article 5 may nevertheless in a particular instance fail to meet certain of the view protection criteria of Article 6.

Question 4, regarding whether the parking waiver was properly granted, is also precluded by the unappealed ZBA ruling, and therefore the motion to strike Question 2 is GRANTED. While the Planning Commission had responsibility under §7.1.6(b) to examine the adequacy of parking independently of the propriety of the waiver, we note that that issue was not raised by the Statement of Questions.

Question 5, regarding whether the project complies with the criteria in Article 13, is precluded by the unappealed ZBA ruling that the project satisfies the criteria in Articles 3,

2

5, 13, and 17 of the Zoning Ordinance. The motion to strike Question 5 is GRANTED. The Planning Commission, and hence this Court in this proceeding, has no jurisdiction over Article 13.

The merits hearing will begin on January 4, 2001, as scheduled, and remains scheduled to continue on January 11 if necessary. However, in light of the present ruling, if the parties agree that the hearing will not exceed one full day and if they prefer to hold the hearing only on January 11, 2001, they may so inform the Court, preferably on or before December 28, 2000. If they wish another pretrial conference, it can be scheduled by phone for December 27, 2000, or in person at the Chittenden District Court on December 28, 2000.

Done at Barre, Vermont, this 18th day of December, 2000.

_____
Merideth Wright
Environmental Judge